IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN LAMONT LOGAN, #1478487, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1406-O |
| | ) | |
| RICK MAGNUS, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is confined at the Segovia Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Edinburg, Texas. Defendants are Dallas County District Judge Rick Magnus, Dallas County District Attorney Craig Watkins, TDCJ Director Brad Livingston, Holiday Unit Assistant Warden K. Bell, and State Counsel for Offenders Legal Assistant Jennifer Martinez.

The court has not issued process in this case, pending preliminary screening. On August 15, 2008, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on September 10, 2008.

Statement of Case: The complaint, as supplemented by the answers to the magistrate

judge's questionnaire, alleges that on December 20, 2007, Judge Magnus granted Plaintiff "all back time since [his] arrest" on March 5, 2006, but that a "possible data entry error" may be the cause for his present, improper confinement. Defendants allegedly neglected to act despite Plaintiff's efforts to provide them with relevant information about his back-time credits. Plaintiff requests to be released from confinement, and to be financially compensated for stress, family hardship, and loss of wages due to his unlawful detention.

The court finds it beneficial to summarize Plaintiff's criminal prosecutions, in both state and federal court, which the court pieced together from Plaintiff's pleadings and a search of various websites.

In 2002, Plaintiff was charged in this court with the offense of unauthorized use of an access device. *See United States v. Logan*, 3:02cr051-L(01) (N.D. Tex., Dallas Div.). Following his guilty plea, the court sentenced him to 37 months imprisonment, a two year-term of supervised release, and restitution in the amount of $36,322.85. *Id.* In 2005, after his release from the Bureau of Prisons (BOP), the court transferred Plaintiff's supervision to the Eastern District of Texas. *See United States v. Logan*, 4:05cr138 (E.D. Tex., Sherman Div.). It appears Plaintiff remained on supervised release until the Arlington Police Department arrested him on March 5, 2006, as alleged in this case. (Complaint at 4). Shortly thereafter, Plaintiff was transferred to the custody of the U.S. Marshal, and the District Attorney's office lodged a detainer. (*Id.*).

In March and September 2006, Dallas County charged Plaintiff with two theft offenses: theft of property over $20,000, and theft over $1,500 but less than $20,000. *See State v. Logan*, Nos. F06-28212-T and F06-01043-T (283rd Jud. Dist. Court), docket sheets available at

http://dallascounty.org/pars2/#. In the interim, the Eastern District of Texas revoked Plaintiff's supervised release and sentenced him to twenty-four months imprisonment, which Plaintiff served until his release to state authorities on November 28, 2007. *See United States v. Logan*, 4:05cr138 (E.D. Tex., Sherman Div., May 18, 2006) (Revocation and Judgment); and BOP's Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp. On December 20, 2007, Plaintiff pled guilty to the theft cases and was sentenced to two years and one-year imprisonments respectively, which he is presently serving in TDCJ. *State v. Logan*, Nos. F06-28212-T and F06-01043-T, *supra*., and answer to Question 1. According to the TDCJ website, Plaintiff's projected release date is October 23, 2008.

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact.*" Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). A complaint fails to state a

3

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S. Ct. 1955, 1968-69 (2007).

Plaintiff requests release from confinement alleging Judge Magnus granted him all back time since his arrest at his sentencing hearing on December 20, 2007. A request to be released from confinement is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoted cases omitted); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S. Ct. 1827 (1973); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

To maintain a habeas corpus action a plaintiff/petitioner must exhaust his state remedies. *See* 28 U.S.C. § 2254(b). A motion for judgment nunc pro tunc is the appropriate remedy for seeking pre-sentence jail time credit before the expiration of the presumptive discharge date. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (per curiam). If the trial court denies relief, an appeal may be taken to the appropriate court of appeals. *Ex parte Pederson*, 2005 WL 3019017, at 1 (Tex. Crim. App. Nov. 9, 2005) (unpublished opinion).

In answer to the questionnaire, Petitioner concedes that he has not filed a motion for judgment nunc pro tunc. (Answer to Question 3). As a result, he has not exhausted his state

4

court remedies by "fairly presenting" all of his claims to the Texas state courts for review. Accordingly, his request for release from confinement -- construed as a claim for habeas corpus relief -- should be dismissed without prejudice to Plaintiff's right to refile after exhausting state habeas corpus remedies. *See* 28 U.S.C. § 2254(b).

Plaintiff's request for monetary relief lacks an arguable basis in law and should be dismissed as frivolous. Judge Magnus is absolutely immune from any claims for monetary damages. In answer to the questionnaire, Plaintiff concedes that Judge Magnus informed him at the December sentencing that he would look into his request for pre-sentence jail time credits. (Answer to Question 10). It is thus self-evident that any acts or omission on the part of Judge Magnus took place in his capacity and function as a judge, which in and of itself renders him immune from a suit for monetary damages. *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S. Ct. 1099 (1978); *see also Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995).

The claims for monetary relief against the remaining defendants also lack an arguable basis in law and should be dismissed as frivolous. Plaintiff seeks to sue Defendants Watkins and Livingston merely because of their supervisory duties as Dallas County District Attorney and TDCJ Director. As a general rule, lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior,* which does not generally apply in Section 1983 cases. *Williams v. Luna,* 909 F.2d 121 (5th Cir.1990); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95, 98 S. Ct. 2018 (1978) (supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam).

5

To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985).

Plaintiff cannot allege any facts that indicate personal involvement or acquiesce in the alleged constitutional deprivation on the part of Defendants Watkins and Livingston. The complaint and answers to the magistrate judge's questionnaire fail to allege sufficient facts showing that these defendants were "personally involved" in the events at issue in the complaint.

With respect to Warden Bell and Legal Assistant Martinez, Plaintiff alleges they failed to assist him despite their familiarity with his case. (Answer to Question 10 at pp. 8-9). An alleged failure to assist does not amount to a constitutional violation under the facts pled in this case. As noted above, Plaintiff has an available remedy under state law to seek pre-sentence jail-time credit.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Logan's action for monetary damages against the named Defendants be DISMISSED without prejudice as frivolous, *see* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and that his request for immediate release from confinement, construed as a request for habeas corpus relief, be DISMISSED without prejudice for failure to

exhaust state remedies.

A copy of this recommendation will be transmitted to Plaintiff.

Signed this 29th day of September, 2008.

                                               /s/ Wm. F. Sanderson, Jr.
                                               WM. F. SANDERSON, JR.
                                               UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.